IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. DANIEL H. JONES**

**Criminal Court for Sullivan County
No. S52468, S53124, S53126, S53127**

_____

**No. E2021-00701-CCA-R3-CD**

_____

The pro se Appellant, Daniel H. Jones, appeals the Sullivan County Criminal Court's orders summarily dismissing his motions to recuse the trial judge and motion for relief from final judgment. See Tenn. R. Civ. P. 60.02. The State has filed a motion to affirm the trial court's judgments pursuant to Tennessee Court of Criminal Appeals Rule 20. Following our review, we conclude that the State's motion is well-taken and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed
Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Daniel H. Jones, Pro Se, Only, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Katherine K. Decker, Senior Assistant Attorney General; and Barry P. Staubus, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

**I. Factual Background**

The procedural history of the challenged judgments was summarized in this court's 2015 opinion affirming the trial court's denial of the Appellant's motion to correct illegal sentences. See Tenn. R. Crim. P. 36.1.

In August of 2008, Defendant was convicted [by a Sullivan County Criminal Court jury] of possession of .5 grams or more of cocaine with the

intent to sell in Case Number S53,124. Defendant was sentenced to eleven years in incarceration as a Range I, standard offender for this conviction. Defendant filed a direct appeal of this conviction. This Court found that the evidence was sufficient and that the trial court did not abuse its discretion in admitting the evidence. See State v. Daniel H. Jones, No. E2010-00016-CCA-R3-CD, 2011 WL 2347711, at *1 (Tenn. Crim. App. June 6, 2011), perm. app. denied (Tenn. Sept. 21, 2011) ("*Jones I* ").[1]

On the same day in 2008 that the trial court sentenced Defendant in Case Number S53,124, Defendant pled guilty in three additional cases. In Case Number S52,468, Defendant pled guilty to one count of aggravated assault, a Class C felony. In Case Number S53,126, Defendant pled guilty to one count of possession of .5 grams or more of cocaine for sale, a Class B felony; one count of drug paraphernalia, a Class A misdemeanor; and one count of maintaining a dwelling where drugs are used or sold, a Class D felony. In Case Number S53,127, Defendant pled guilty to possession of cocaine for sale, a Class C felony. For all felony offenses, Defendant was sentenced as a Range I, standard offender.

Pursuant to the plea agreement, Defendant was sentenced, in Case Number S52,468, to a sentence of four years for aggravated assault; in Case Number S53,126, to sentences of twelve years for possession with intent to sell, eleven months and twenty-nine days for possession of drug paraphernalia, and two years for maintaining a dwelling where drugs are used or sold; and in Case Number S53,127, to a sentence of four years for possession with intent to sell. Id. The sentences in each case were ordered to be served consecutively, with the sentences in Case Number S53,126 running concurrently with each other, for a total effective sentence of twenty years as a Range I, standard offender. Id. This effective twenty-year sentence was ordered to be served consecutively to the eleven-year sentence in Case Number S53,124, for a total sentence of thirty-one years. See State v. Daniel Henderson Jones, No. E2009-00182-CCA-R3-CD, 2010 WL 2812621, at *1 (Tenn.Crim.App. July 16, 2010), perm. app. denied (Tenn. Nov. 12, 2010) ("*Jones II* ").[2]

Defendant filed a motion for reduction of sentence, in which he alleged that the total length of his sentences exceeded the sentencing range for a Range I, standard offender for a single Class B felony. Id. This Court determined that "the sentences were imposed pursuant to a plea agreement, and . . . all elements of the sentencing decision were agreed to by the parties and not open to consideration by the trial court." Id. at *3. Because "no

new developments" had occurred, this Court determined in *Jones II* that the trial court did not abuse its discretion in denying Defendant's motion for reduction of sentence.   Id.

. . . . .   On October 2, 2014, Defendant filed a motion for correction of an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure ("the Rule").   Accompanying the motion were an affidavit and memorandum of law.   Defendant argued that his sentence was "beyond the range of his punishment . . . for his class of offense."   In other words, he complains that he was sentenced to more than twelve years as a Range I, standard offender for a Class B felony.   The trial court dismissed the motion without a hearing and without appointment of counsel, finding as follows:

> None of [Defendant's] class B felony convictions are for more than twelve years. [Defendant] has failed to state a colorable claim as to his assertion.   The length of sentence in each of [Defendant's] cases is authorized by statute.   [Defendant] did not receive a sentence outside of Range I for any class of felony for which he was convicted.
> [Defendant] also makes vague assertions that he did not understand his sentence or that he believed he was being sentenced as a mitigated offender.   However the guilty plea acceptance form belies these assertions because it clearly outlines the length of the agreed sentence as well as the range of punishment. . . .

State v. Daniel H. Jones, No. E2014-02463-CCA-R3-CD, 2015 WL 4505959, at *1-2 (Tenn. Crim. App. July 24, 2015) (footnotes omitted), perm. app. denied (Tenn. Oct. 16, 2015) (*Jones III*).   This court affirmed the trial court's denial of relief, concluding that the Appellant failed to state a colorable claim for Rule 36.1 relief.   Id. at *3.

On July 28, 2017, the Appellant filed in the Sullivan County Criminal Court a "Request for Declaration of Rights," citing Tennessee Code Annotated section 29-14-102(a), the Declaratory Judgment Act.   On September 18, 2017, the trial court summarily denied relief, ruling that declaratory relief was not an appropriate method to challenge sentencing judgments.   On appeal, this court, via memorandum opinion, affirmed the trial court's summary denial of relief, concluding that "the Appellant cannot seek declaratory relief to challenge the length of his sentence."   Daniel H. Jones v. State, No. E2017-02026-CCA-R3-CO, 2018 WL 3689492, at *2 (Tenn. Crim. App. Aug. 2, 2018), perm. app. denied (Tenn. Oct. 10, 2018) (*Jones IV*).

On February 16, 2021, the Appellant filed in the Sullivan County Criminal Court a "Motion for Recusal of Trial Judge" and a "Motion for Relief from Final Judgment – Fraud" filed pursuant to Tennessee Rule of Civil Procedure 60.02. The motion for recusal asserted that the trial court's September 18, 2017 order dismissing his motion for declaratory relief, which was affirmed in *Jones IV*, evidenced bias against the Appellant requiring recusal. On February 17, 2021, the trial court denied the Appellant's motion to recuse, ruling that the Appellant's dissatisfaction with the trial court's previous ruling did not warrant recusal. The Appellant did not seek an appeal from that order. *See* Tenn. R. Sup. Ct. 10B § 2. Thereafter, on March 15, 2021, the Appellant filed in the trial court a "Motion to Alter and Amend Judgment Denying Recusal." On April 7, 2021, the Appellant filed in the trial court a "Notice – Motion for Scheduling Order." On June 14, 2021, the trial court filed two orders: one dismissing the Appellant's March 15, 2021 motion and reaffirming the February 17, 2021 order denying the motion to recuse and another dismissing the motion for relief of judgment. In denying the motion for relief from judgment, the trial court ruled that Tennessee Rule of Civil Procedure 60.02 provides a civil remedy that is not available to challenge a final judgment in a criminal case. On June 24, 2021, the Appellant filed a timely notice of appeal in this court. After the filing of the Appellant's brief, the State filed a motion to affirm the trial court's judgments by memorandum opinion. The Appellant filed a response in opposition to the State's motion, arguing that the motion should be denied and that his appeal should be transferred to the Court of Appeals. The Appellant's response is not well-taken. For the reasons discussed, the State's motion is GRANTED.

Prior adverse rulings of the trial court are insufficient, without more, to justify recusal of a judge. Alley v. State, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994); see also State v. Reid, 313 S.W.3d 792, 916 (Tenn. 2006). Therefore, we conclude that the trial court properly denied the Appellant's "Motion to Alter and Amend Judgment Denying Recusal."

Regarding the trial court's order dismissing the motion for relief from judgment filed pursuant to Rule 60.02, this court has advised that

> Judgment of convictions are criminal matters and are therefore not governed by the rules of civil procedure. Instead, they are governed by the rules and statutes dealing with criminal procedure. . . . The Rules of Civil Procedure are limited in application to civil matters. . . . The Rules of Civil Procedure have no bearing on criminal matters and cannot be used as a post-conviction method to challenge judgments of conviction.

4

_Duane M. Coleman v. State_, No. M2012-00848-CCA-R3-PC, 2013 WL 948430, at *3 (Tenn. Crim. App. Mar. 11, 2013), <u>no perm</u>. <u>app</u>. <u>filed</u>; <u>see also</u> <u>Andre L. Mayfiled v. State</u>, No. M2012-00228-CCA-R3-HC, 2012 WL 5378078, at *2 (Tenn. Crim. App. Oct. 26, 2012). Accordingly, we affirm the trial court's summary dismissal of the Appellant's motion. Further, the Appellant's response that this court transfer this appeal to the Court of Appeals is inapt. As clearly stated, the Rules of Civil Procedure are not applicable to challenge criminal judgments. Attempts to utilize the Rules of Civil Procedure do not create jurisdiction in the Court of Appeals to review challenges to judgments of conviction.

When an opinion would have no precedential value, this court may affirm the judgments or actions of the trial court by memorandum opinion when the judgments are rendered or the actions taken in a proceeding without a jury and such judgments or actions are not a determination of guilt and the evidence does not preponderate against the findings of the trial court. _See_ Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Upon consideration of the foregoing and the record as a whole, we conclude that the trial court did not err by dismissing the Appellant's motion to recuse and motion for 60.02 relief and affirm the judgments of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

_____
NORMA MCGEE OGLE, JUDGE